UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LAURA PEREZ**,
an individual,
Plaintiff,

Hon.
Case No.

v.

**El TACO LOCO MEXICAN TAQUERIA,**
A Domestic Limited Liability Company**,**
**DANIEL LOPEZ,** an individual,
**ANAVEL BENITES,** an individual,
jointly and severally

Defendants.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.,

2. During the relevant time period, Defendants failed to pay Plaintiff her wages for all hours worked.

3. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

4. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

5. Plaintiff seeks a declaration that her rights were violated, an award of unpaid overtime wages, an award of unpaid commissions, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

9. Employees of Defendant El Taco Loco Mexican Taqueria, ("Taco Loco") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

10. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

11. Defendant Taco Loco's annual gross volume of sales made or business done is not less than $500,000.

12. Defendant Taco Loco employs more than two persons.

13. Defendant Daniel Lopez ("Lopez") employs more than two persons.

14. Defendant Taco Loco is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Coldwater, Michigan, within the United States Judicial District of the Western District of Michigan.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

16. Plaintiff Laura Perez is an individual who at all times relevant to this complaint resided in the County of Branch, State of Michigan.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

18. Defendant El Taco Loco Mexican Taqueria,(hereinafter referred to as "Taco Loco") is a domestic limited liability company whose registered office is located at 112. S Monroe St. Sturgis Michigan 49091.

19. Defendant has two restaurant locations one in Sturgis Michigan and in Coldwater Michigan.

20. Plaintiff was employed at the 13 S. Monroe St. Coldwater MI 49036 location.

21. Defendant Taco Loco is a Mexican restaurant.

22. Defendant Daniel Lopez (hereinafter referred to as "Daniel") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner of Defendant El Taco Loco.

23. Defendant Anavel Benites ("Anavel") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor of Defendant Taco Loco.

24. Defendants Daniel and Anavel at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and were responsible for compensating Plaintiff.

25. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

26. Plaintiff worked for Defendants from June 21, 2022, to August 13, 2023, at the Coldwater location.

27. Plaintiff prepared the food, and her duties included but were not limited to: chopping vegetables, preparing meat, beans, and drinks, washing dishes, taking out the

28. trash, and stocking food.

29. Plaintiff worked from 11:00 a.m./12:00 p.m. to 10 p.m. Monday through Saturday.

30. Plaintiff averaged a 60 to 66 hour work week.

31. Plaintiff was not paid overtime for the extra 20 to 26 hours worked.

32. At the start of Plaintiff's employment, Plaintiff was compensated at $12 an hour, and after a year and a half was given a raise to $13.

33. Plaintiff was compensated on a weekly basis in cash.

34. Plaintiff was informed that she was to be compensated on Monday, but on multiple occasions was compensated late.

35. On August 27, 2022, Plaintiff cut her finger on the meat grinder.

36. Plaintiff was taken to the hospital and eventually had surgery.

37. Plaintiff returned back to work on October 6, 2022.

38. Plaintiff was told that Taco Loco would reimburse her medical bills, which totaled over $10,000.

39. Plaintiff gave the bills to Defendant Daniel, who told Plaintiff the bills would be reimbursed so long as she continued her employment.

40. Plaintiff has yet to be reimbursed for her medical bills.

41. Defendants would yell at the employees and create a stressful work environment.

42. Plaintiff was not compensated at a rate no less than one and one half her regular hourly rate for hours worked over forty (40) in a workweek.

43. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

45. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

46. Defendants are sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

47. Defendant Daniel utilized Defendant Taco Loco to subvert his obligations under state and federal law.

48. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

### WILLFUL VIOLATIONS OF THE FLSA & TOLLING OF THE STATUTE OF LIMITATIONS

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

50. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

51. Defendants actively misled Plaintiff into believing that she was not entitled to an overtime premium throughout her entire employment.

52. Defendants stated to Plaintiff on more than one occasion that she was not entitled to an overtime premium.

53. Defendants also failed to post the minimum and overtime wage notices required under Michigan state and U.S. Department of Labor regulations.

54. Plaintiff did not have actual or constructive knowledge of her right or entitlement to an overtime premium.

55. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

56. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

57. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

59. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

60. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

61. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq*., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

62. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

63. Defendants' violations of the FLSA were knowing and willful.

64. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

65. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT II**
**VIOLATION OF IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*,**
**FAILURE TO PAY OVERTIME**

66. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

67. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

68. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

69. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

70. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

71. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

72. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

73. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

F. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*             .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/25/2024

/s/ Laura Perez